SUMMARY ORDER

Petitioner Mei Jun Jiang, a native and citizen of the People’s Republic of China, seeks review of a May 16, 2008 order of the BIA denying her motion to reopen. In re Mei Jun Jiang, No. A73 489 619 (B.I.A. May 16, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
*127 We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Jiang’s untimely motion to reopen.
Jiang argues that the BIA erred in concluding that she failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Jiang asserts that the BIA abused its discretion when it found that her failure to authenticate the purported village committee letter diminished the weight of that document. While it is true that the agency errs when it rejects a document solely based on her failure to properly authenticate it pursuant to 8 C.F.R. § 287.6, see Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 403 (2d Cir.2005), the BIA did not abuse its discretion in declining to credit the unauthenticated evidence where it also found that Jiang had not establish a chain of custody or provided any indication of the letter’s author, see Xiao Ji Chen v. U.S. Dep’t., of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the agency).
Finally, Jiang waives any challenge to the BIA’s finding that she was ineligible to file a successive asylum application based on her changed personal circumstances. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).